UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| PERRY CAMERON, | Civil Action No.: 18-11875 |
| | Honorable Victoria A. Roberts |
| Plaintiff | Magistrate Judge Elizabeth A. Stafford |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

_____/

**REPORT AND RECOMMENDATION ON CROSS-MOTIONS FOR SUMMARY JUDGMENT [ECF. NOS. 10, 11]**

Plaintiff Perry Cameron appeals the final decision of defendant Commissioner of Social Security, which denied his application for supplemental security income (SSI) under the Social Security Act. Both parties have filed summary judgment motions, referred to this Court for a report and recommendation under 28 U.S.C. § 636(b)(1)(B). After review of the record, the Court finds that the administrative law judge's (ALJ) decision is supported by substantial evidence and thus **RECOMMENDS** that:

- Cameron's motion [ECF No. 10] be **DENIED**;

- the Commissioner's motion [ECF No. 11] be **GRANTED**; and

- the ALJ's decision be **AFFIRMED** under to sentence four and sentence six of 42 U.S.C. § 405(g).

I. BACKGROUND

A. **Cameron's Background and Disability Application**

Born November 30, 1970, Cameron was 44 years old on the application date, October 24, 2015. [ECF No. 8-2, Tr. 17, 23]. He has past relevant work as a cab driver, flower delivery man and security driver. [*Id.*, Tr. 22]. Cameron claims disability from neck, shoulder and lower back pain, knee replacement, cardiac condition, arthritis, ulcer, and depression. [ECF No. 8-3, Tr. 81].

After a hearing during which Cameron and a vocational expert (VE) testified, the ALJ found that Cameron was not disabled. [ECF No. 8-2, Tr. 15-24, 32-62]. The Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner. [ECF No. 8-2, Tr. 1-6]. Cameron timely filed for judicial review. [ECF No. 1].

B. **The ALJ's Application of the Disability Framework Analysis**

A "disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or

2

can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(A).

The Commissioner determines whether an applicant is disabled by analyzing five sequential steps. First, if the applicant is "doing substantial gainful activity," he or she will be found not disabled. 20 C.F.R. § 416.920(a)(4). Second, if the claimant has not had a severe impairment or a combination of such impairments for a continuous period of at least 12 months, no disability will be found. *Id.* Third, if the claimant's severe impairments meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, the claimant will be found disabled. *Id.* If the fourth step is reached, the Commissioner considers its assessment of the claimant's residual functional capacity (RFC), and will find the claimant not disabled if he or she can still do past relevant work. *Id.* At the final step, the Commissioner reviews the claimant's RFC, age, education and work experiences, and determines whether the claimant could adjust to other work. *Id.* The claimant bears the burden of proof throughout the first four steps, but the burden shifts to the Commissioner if the fifth step is reached. *Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994).

Applying this framework, the ALJ concluded that Cameron was not disabled. At the first step, she found that Cameron had not engaged in substantial gainful activity since the application date, October 24, 2015. [ECF No. 8-2, Tr. 17]. At the second step, she found that Cameron had the severe impairments of

> degenerative disc disease of the cervical spine…from C4 to C7 and degenerative disc disease of the lumbar spine from L3 to S1, degenerative joint disease of the bilateral knees, carpal tunnel syndrome left wrist, right rotator cuff tear and osteoarthritis of the right shoulder, obesity, complex regional pain syndrome left upper extremity, and hypertension.

[*Id.*, Tr. 18].

Next, the ALJ concluded that none of his impairments, either alone or in combination, met or medically equaled the severity of a listed impairment. [*Id.*, Tr. 19-20].

Between the third and fourth steps, the ALJ found that Cameron had the RFC to perform sedentary work,

> except no climbing ladders, ropes or scaffolds; occasional climbing stairs and ramps; no kneeling or crawling; occasional balancing, stooping, and crouching; occasional reaching overhead and handling with the left upper extremity; no reaching overhead or handling with the right upper extremity; no constant fingering, no unprotected heights; no pushing/pulling operation of foot controls bilaterally; sit/stand option after 30 minutes; use of handheld assistive device for ambulation.

[*Id.*, Tr. 20]. At step four, the ALJ found that Cameron could not perform

4

any past relevant work. [*Id.*, Tr. 22]. At the final step, after considering Cameron's age, education, work experience, RFC and the testimony of the VE, the ALJ determined that there were jobs in significant numbers that Cameron could perform, including positions as a security monitor. [*Id.*, Tr. 23].

## II.   ANALYSIS

### A.

Under § 405(g), this Court's review is limited to determining whether the Commissioner's decision is supported by substantial evidence and was made in conformity with proper legal standards. *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (internal quotation marks and citation omitted). Only the evidence in the record below may be considered when determining whether the ALJ's decision is supported by substantial evidence. *Bass v. McMahon*, 499 F.3d 506, 513 (6th Cir. 2007).

Cameron argues the ALJ erred in evaluating his impairments under Listing 1.04.  Cameron also asserts the ALJ erred by failing to obtain an expert medical opinion regarding medical equivalency under SSR 17-2p.  The Court disagrees and recommends that the ALJ's decision be affirmed.

**B.**

"Listing of Impairments, located at Appendix 1 to Subpart P of the regulations, describes impairments the SSA considers to be 'severe enough to prevent an individual from doing any gainful activity, regardless of his or her age, education, or work experience.'" *Reynolds v. Comm'r of Soc. Sec.*, 424 F.App'x. 411, 414 (6th Cir. April 1, 2011) (citing 20 C.F.R. § 404.1525(a)). "At Step Three of the administrative sequence, a claimant who meets the requirements of a Listed Impairment will be deemed conclusively disabled and entitled to benefits." *Laurain v. Comm'r. of Soc. Sec.,* 2019 WL 472308, at *5 (E.D. Mich. Jan. 3, 2019), adopted, 2019 WL 462981 (E.D. Mich. Feb. 6, 2019) (internal quotations omitted).

Cameron challenges the ALJ's conclusion that he does not meet Listing 1.04.  The ALJ "reviewed the medical record under the criteria for the listings 1.02 for disorders of the joints and 1.04 for disorders of the spine as well as listing 4.01 for cardiovascular disorders," concluding that Cameron did not meet the criteria for disability under any of these listings.

[ECF No. 8-2, Tr. 19-20]. But the ALJ did not enumerate the criteria for the considered listings or discuss why Cameron's conditions failed to meet the criteria. [*Id.*].

Previously, courts held that, "[w]hen considering presumptive disability at Step Three, 'an ALJ must analyze the claimant's impairments in relation to the Listed Impairments and must give a reasoned explanation of his findings and conclusions in order to facilitate meaningful review." *Grandstaff v. Comm'r of Soc. Sec.*, 2017 WL 4251734, at *7–8 (E.D. Mich. Sept. 26, 2017) (quoting *Christephore v. Comm'r of Soc. Sec.*, 2012 WL 2274328, at *6 (E.D. Mich. June 18, 2012)). But a regulation that became effective in March 2017, prior to the decision below, states that an ALJ "is not required to articulate specific evidence supporting his or her findings that the individual's impairment(s) does not medically equal a listed impairment." Social Security Ruling (SSR) 17-2p, 2017 WL 3928306, at *4 (S.S.A. Mar. 27, 2017). Rationale articulated at a later step on the issue of disability is sufficient. *Id.* And even if an ALJ errs at step three findings, that error is harmless when a claimant cannot show prejudice from the lack of explanation. *Id.* (citing *M.G. v. Comm'r of Soc. Sec.*, 861 F.Supp.2d 846, 858-59 (E.D. Mich. 2012)). A claimant cannot show such prejudice if he does not "present medical evidence that [his] impairment meets or exceeds

the Listing…, as is [his] burden." *Harvey v. Comm'r of Soc.Sec.*, 2014 WL 5465531, *5 (E.D. Mich. Oct., 28, 2014) (citing *Foster v. Halter*, 279 F.3d 348, 354 (6th Cir. 2001)); *see also, Geer v. Comm'r of Soc.Sec.*, 2019 WL 1503132, *6 (E.D. Mich. Feb. 6, 2019).

To meet Listing 1.04, Cameron must show that he has a disorder of the spine with: "Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine)." 20 C.F.R. Pt. 404, Subpt. P, App. 1, Listing 1.04A. "It is well-settled that to 'meet' a listing, a claimant's impairments must satisfy each and every element of the listing." *Grandstaff*, 2017 WL 4251734, at *8 (citing *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990) and *Blanton v. Soc. Sec. Admin.*, 118 F. App'x 3, 6 (6th Cir. 2004)).

Here, the evidence fails to support Cameron's contention that his conditions satisfy every element of Listing 1.04A. Records from St. Clair Orthopedics and Sports Medicine and from the Wayne State University Physician Group reflect no motor loss, muscle weakness or atrophy in either his cervical or lumbar spine. [ECF No. 8-7, Tr. 247; ECF No. 8-9, Tr.

8

358-59]. The record references only negative straight leg raises. [ECF No. 8-7, Tr. 288]. So even if the ALJ erred in her step three analysis, that error would be harmless.

## C.

Cameron also argues that the ALJ erred in concluding that his impairments were not medically equivalent to a Listing without the benefit of a medical opinion from a physician. Previously, courts did find that the regulations required ALJs to obtain an expert opinion on the issue of medical equivalency. *See Hardy v. Comm'r of Soc. Sec.*, No. CV 15-10010, 2016 WL 1128085, at *1 (E.D. Mich. Mar. 23, 2016) (citing SSR 96-6p). But SSR 17-2p replaced SSR 96-p6. *See* SSR 17-2p, 2017 WL 3928306, at *1. Under SSR 17-2p, an ALJ need not obtain evidence from a medical expert on equivalence if the "evidence does not reasonably support a finding that the individual's impairment(s) medically equals a listed impairment." 2017 WL 3928306, at *4. *See Marvin v. Comm'r of Soc. Sec.*, 2018 WL 4214339, at *3 (W.D. Mich. Aug. 10, 2018), *adopted*, 2018 WL 4208682 (W.D. Mich. Sept. 4, 2018). And here, Twaide Langham, D.O., a medical expert, did render an opinion on equivalency. [ECF No. 8-3, Tr. 90]. Cameron's equivalency argument is without merit.

## III. CONCLUSION

For the reasons stated above, the Court **RECOMMENDS** that Cameron's motion for summary judgment be [ECF No. 10] be **DENIED**; that the Commissioner's motion [ECF No. 11] be **GRANTED**; and that the ALJ's decision be **AFFIRMED**.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
Dated: June 24, 2019        United States Magistrate Judge

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*; United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). A copy of any objection must be served upon this Magistrate Judge. E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation. If the Court determines that any objections are without merit, it may rule without awaiting the response.